IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMOS OIL RECYCLERS, INC. dba      )
RAMOS ENVIRONMENTAL SERVICES,      )
                                   )        2:07-cv-00448-GEB-DAD
                   Plaintiff,      )
                                   )
        v.                         )        ORDER*
                                   )
AWIM, INC.; JULIE C. NELSON; GERRI )
SHERMAN; and DOES 1-100, inclusive,)
                                   )
                   Defendants.     )
_____)
                                   )
AND RELATED ACTIONS.               )
_____)

        Plaintiff and Counter-defendant ("Plaintiff") moves to
strike portions of Defendants and Counter-claimants Julie Nelson
("Nelson") and AWIM's (collectively "Defendants") Answer.  Plaintiff
also moves for a more definite statement of certain affirmative
defenses and counterclaims contained in Defendants' Answer and
Counterclaim under Rule 12(e); and, for dismissal of several of
Defendants' counterclaims under Rule 12(b)(6).[1]  Defendants oppose the
motions.

---

        *      This matter was determined to be suitable for decision
without oral argument.  L.R. 78-230(h).

        [1]      All references to "Rules" are to the Federal Rules of Civil
Procedure.

1

BACKGROUND

1

2          Plaintiff and Defendants dispute the contents of water

3     Plaintiff obtained from AWIM.  Plaintiff collects, transports, and re-

4     sells used oil and waste water.  (Pl.'s Compl. ¶ 6.)  AWIM generated

5     oily water and Nelson hired Plaintiff, on behalf of AWIM, to remove

6     and dispose of this water.  (Id. ¶¶ 7, 8.)

7          Plaintiff alleges it pumped the water into its tanker truck

8     and then transported the water to its facility where it was pumped

9     into a large holding tank.  (Id. ¶ 10.)  Plaintiff further alleges

10    that Nelson represented in writing that the oily water contained no

11    polychlorinated biphenyls ("PCBs"); however, Plaintiff alleges the

12    water actually contained a very high concentration of PCBs and

13    contaminated Plaintiff's tanks and vehicles.  (Id. ¶¶ 8, 13.)

14    Plaintiff alleges it tested samples from AWIM's water tanks and

15    determined AWIM was the source of the PCB contamination in Plaintiff's

16    tanks and vehicles.  (Id. ¶¶ 12-14.)

17                              DISCUSSION

18    I.  Standards

19       A.  Motion to Strike

20          Rule 12(f) prescribes "the court may order stricken from any

21    pleading any insufficient defense or any redundant, immaterial,

22    impertinent, or scandalous matter."  "Motions to strike are generally

23    viewed with disfavor, and will usually be denied unless the

24    allegations in the pleading have no possible relation to the

25    controversy, and may cause prejudice to one of the parties."  Campbell

26    v. PricewaterhouseCoopers, LLP, 2007 WL 841694, at *2 (E.D. Cal. Mar.

27    20, 2007).  "The key to determining the sufficiency of pleading an

28    affirmative defense is whether it gives plaintiff fair notice of the

defense."  Hernandez v. Balakian, 2007 WL 1649911, at *1 (E.D. Cal. June 1, 2007) (citing Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)).

B.  Motion for a More Definite Statement

A Rule 12(e) motion for a more definite statement may be made where the Complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  "[A] motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a) [which provides that] a Complaint need only be a 'short and plain statement of the claim showing that the pleader is entitled to relief[.]'" Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citations omitted). Moreover, it is well-settled that a Rule 12(e) motion is not a proper method for obtaining evidentiary material.  Cmax, Inc. v. Hall, 290 F.2d 736, 738 (9th Cir. 1961).  "[W]here the information sought by the moving party is available and/or properly sought through discovery the motion should be denied." Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981).

C.  Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(6) if a pleading fails to state a claim upon which relief may be granted by either (1) failing to present a cognizable legal theory, or (2) failing to plead sufficient facts to support a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). When deciding the motion, the court must accept as true all material allegations and construe them in the light most favorable to the non-moving party.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  The non-

moving party is given the benefit of every reasonable inference that can be drawn from its allegations.  <u>Retail Clerks Int'l Ass'n v. Shermahorn</u>, 373 U.S. 746, 753 n.6 (1963).

II.  <u>Motion to Strike Analysis</u>

    A.  <u>Answer to Legal Allegations in Complaint</u>

        Plaintiff moves to strike Defendants' statements in their Answer that Defendants were not required to answer conclusions of law, arguing Defendants are required to answer both factual and legal allegations in Plaintiff's Complaint under Rule 8(b).  (Pl.'s Mot. at 4:26).  Defendants rejoin that they are only required to answer factual allegations and not conclusions of law and therefore, their statements should not be stricken.  (Defs.' Opp'n at 7:13.)  Since Plaintiff has not shown why this matter should be stricken or that it is prejudiced by the manner in which Defendants have responded, this portion of Plaintiff's motion is denied.

    B.  "Does Not Recall"

        Throughout Defendants' Answer, Nelson asserts she "does not recall" signing the waste profile sheet Plaintiff references in its Complaint.  Plaintiff seeks to strike each of these assertions arguing that copies of this sheet were sent to Defendants' attorney and that parties are "deemed bound by the acts of [their] lawyer-agent." (Pl.'s Mot. at 15:8-17.)  Defendants counter that an attorney cannot be charged with knowledge of a document that his client disputes. (Defs.' Opp'n at 20:14-15.)  Defendants further assert the authenticity of these documents is disputed.  (<u>Id.</u> at 20:25-26.)

        Assuming arguendo that Defendants' attorney received copies of the disputed waste profile sheet, Plaintiff has not shown that the existence of a copy of the waste profile sheet means that Nelson

remembers signing it.  Plaintiff has not shown why Nelson's statements that she does not recall signing the sheet should be stricken. Accordingly, this portion of Plaintiff's motion is denied.

### C.   First & Second Affirmative Defenses

Plaintiff moves to strike portions of Defendants' first and second affirmative defenses, arguing that they violate Rule 8(e) because "they contain prolix matter, legal conclusions and evidentiary facts." (Pl.'s Mot. at 6:13-15.)  Defendants rejoin Plaintiff has not identified "which portions must be struck or what . . . legal basis to strike" exists. (Defs.' Opp'n at 7:20-22.)  Since Plaintiff has not shown why this matter should be stricken, this portion of Plaintiff's motion is denied.

### D.   Seventeenth Affirmative Defense

Plaintiff moves to strike Defendants' seventeenth affirmative defense, arguing it improperly "seeks to shift the burden to [Plaintiff] to test the contents of products it transports" because statutory law allows Plaintiff to rely on Nelson's representations about the quality of the oily water instead of testing the water before transporting it. (Pl.'s Mot. at 8:13-24.)  Defendants counter there is sufficient evidence that Plaintiff knew "or, a reasonable person, acting in the circumstances and exercising reasonable care, would have [known] that the information provided" was incorrect. (Defs.' Opp'n at 11:13-17.)

Defendants' seventeenth affirmative defense states that under the circumstances of this case, Plaintiff should have taken precautions to investigate the accuracy of Nelson's representations that the oily water did not contain PCBs.  (Defs.' Answer, Affirmative Defenses ¶ 17.)  The merits of this affirmative defense turns on

whether Plaintiff had reason to believe the information regarding PCBs
given by Nelson was inaccurate.  Under 49 C.F.R. § 171.2(f):

> Each carrier who transports a hazardous
> material in commerce may rely on
> information provided by the offeror of
> the hazardous material or a prior
> carrier, unless the carrier knows or, a
> reasonable person, acting in the
> circumstances and exercising reasonable
> care, would have knowledge that the
> information provided by the offeror or
> prior carrier is incorrect.

The parties dispute what Plaintiff knew or should have known about the
material.  This factual dispute cannot be resolved on a motion to
strike.  Therefore, this portion of the motion is denied.

       E.  Eighteenth Affirmative Defense

       Plaintiff moves to strike Defendants' breach of oral
contract affirmative defense, arguing the parties had a written
contract.  (Pl.'s Mot. at 8:25-26.)  Defendants rejoin the parties had
an oral contract regardless of whether the parties had a written
contract and the breach of that contract forms the proper basis for an
affirmative defense.  (Defs.' Opp'n at 11:20-25.)

       Plaintiff fails to show why the alleged existence of a
written contract forecloses the simultaneous existence of an oral
contract.  Therefore, this portion of Plaintiff's motion is denied.

       F.  Fifth & Sixth Counterclaims

       Plaintiff also moves to strike paragraph 46 of Defendants'
Counterclaims and Defendants' fifth and sixth counterclaims, arguing
they refer to an oral contract between the parties and a written
contract existed.  (Pl.'s Mot. at 11-12).  This portion of Plaintiff's
motion is denied since Plaintiff has not shown that the alleged

existence of a written contract forecloses the existence of an oral contract.

   G.  Other Immaterial, Redundant, and/or Scandalous Allegations in Counterclaims

        Plaintiff argues paragraphs 6-10, 12-15, 17-26, 29, 31-33, 35, 39-40, 49, and 51 in Defendants' Counterclaims, and Defendants' eighth, eleventh, and thirteenth counterclaims, should be stricken because they contain words and arguments that are immaterial, redundant, impertinent, or scandalous.  (Pl.'s Mot. at 9-12). Defendants counter that "[Plaintiff] offers little if any clear legal basis or any sufficient degree of particularity in its request to strike" and "[n]owhere does [Plaintiff] demonstrate how the language is 'immaterial,' or 'redundant' or 'scandalous.'"  (Defs.' Opp'n at 12:16-17, 27-28.)  Since Plaintiff has failed to provide any specific argument as to why these paragraphs and/or counterclaims should be stricken, this portion of Plaintiff's motion is denied.

III.  Motion for a More Definite Statement Analysis

   A.  Affirmative Defenses

        Plaintiff seeks a more definite statement of Defendants' second, third, sixth, eighth, and tenth affirmative defenses.  (Pl.'s Mot. at 7:5-23.)  Rule 12(e) provides "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Fed. R. Civ. P. 12(e) (emphasis added).  Since no responsive pleading is permitted to an affirmative defense, this portion of Plaintiff's motion is denied.

B.  Third Counterclaim

Plaintiff seeks a more definite statement of Defendants'
third counterclaim, arguing it appears to be an unclear claim for
indemnity.  (Pl.'s Mot. at 7:25-26.)  Defendants rejoin this
counterclaim is for indemnity "as stated by the caption" and that
"[t]his needs no further clarification or detail."  (Defs.' Opp'n at
10:5-8.)  Since Defendants' third counterclaim is clearly labeled
"Indemnity," Plaintiff has not shown it is not sufficiently on notice
of what Defendants seek.  (Defs.' Answer, Counterclaims ¶ 42.)
Accordingly, this portion of Plaintiff's motion is denied.

C.  Seventh Counterclaim

Plaintiff also seeks a more definite statement of
Defendants' seventh counterclaim, which is based upon a violation of
California's Unfair Competition Act ("UCA"), arguing it is unclear
what Defendants mean when they allege the "aforesaid conduct" violates
the UCA.  (Pl.'s Mot. at 8:1-7.)  Defendants rejoin that the seventh
counterclaim is based on the allegations preceding this counterclaim
and that this is clear from the pleadings since it states
"[Defendants] re-allege and incorporate by reference Paragraphs 1-56
of this Counterclaim," and the other paragraphs of this counterclaim
"plead additional and necessary prima facie elements of this cause of
action."  (Defs.' Opp'n at 10:10-15.)  Plaintiff has not shown that it
has insufficient notice of this claim.  Therefore, this portion of
Plaintiff's motion is denied.

IV.  Motion to Dismiss Analysis

A.  First Counterclaim

Plaintiff seeks dismissal of Defendants' first counterclaim,
for response costs under the Comprehensive Environmental Response,

Compensation, and Liability Act ("CERCLA"), arguing AWIM is a Potentially Responsible Party ("PRP") under CERCLA § 107(a)(3), and therefore cannot recover CERCLA clean up costs from Plaintiff. (Pl.'s Mot. at 12:15-20). Defendants rejoin they have "sufficiently plead their innocence" and therefore, this claim is "legitimately plead." (Defs.' Opp'n at 17:24-25.) Since Plaintiff has not shown this counterclaim must be dismissed, this portion of Plaintiff's motion is denied.

### B.   Second Counterclaim

Plaintiff also seeks dismissal of Defendants' second counterclaim, arguing it does not specify the code section under which Defendants seek indemnity. (Pl.'s Mot. at 13:2-3.) Defendants respond Plaintiff "is on sufficient notice of the claim sought." (Defs.' Opp'n at 18:3-5.)

Defendants' second counterclaim states they seek "Contribution under CERCLA and [the Resource Conservation and Recovery Act]." (Defs.' Answer, Counterclaims ¶ 37.) Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, this portion of Plaintiff's motion is denied.

### C.   Third Counterclaim

Plaintiff seeks dismissal of Defendants' third counterclaim on the grounds that it is vague and duplicative of Defendants' second counterclaim. (Pl.'s Mot. at 13:8-10.) Defendants counter, "a claim for Contribution is different than a claim for indemnity" and therefore, this indemnity claim should not be dismissed. (Defs.' Opp'n at 18:10.) Since Plaintiff has not shown this counterclaim is insufficient, this portion of Plaintiff's motion is denied.

D.   Fifth, Sixth, Eighth, & Ninth Counterclaims

        Plaintiff seeks dismissal of Defendants' fifth, sixth,
eighth and ninth counterclaims, arguing there was a written contract
between the parties rather than an oral contract and therefore,
Defendants' counterclaims based on an oral contract must be dismissed.
(Pl.'s Mot. at 13:12, 16, 14:3, 4.)  Defendants rejoin these
counterclaims are "based on a valid oral contract as previously
established."  (Defs.' Opp'n at 18:13, 17.)  Plaintiff has not shown
that the alleged written contract forecloses the possibility of a
simultaneous oral contract.  Accordingly, this portion of Plaintiff's
motion is denied.

E.   Seventh Counterclaim

        Plaintiff seeks dismissal of Defendants' seventh
counterclaim, arguing that using the language "aforesaid conduct,"
rather than stating specific factual allegations, is insufficient.
(Pl.'s Mot. at 13:20-21.)  Defendants rejoin this "argument . . . is
without merit."  (Defs.' Opp'n at 19:1-2.)  Since Plaintiff has not
shown it lacks sufficient notice of what is claimed, this portion of
Plaintiff's motion is denied.

        Plaintiff also seeks dismissal of Defendants' claim for
punitive and exemplary damages under the seventh counterclaim, arguing
these damages are not recoverable under the UCA.  (Pl.'s Mot. at
13:24-25.)  Defendants do not respond to this argument.

        "No claim for compensatory or punitive damages can be
recovered in a UCA action."  State Farm Fire and Casualty Co. v. Sup.
Ct., 45 Cal. App. 4th 1093, 1110 (1996).  Therefore, this portion of
Plaintiff's motion is granted and Defendants' claim for punitive
damages under their seventh counterclaim is dismissed.

1     <u>F.   Eleventh Counterclaim</u>

2          Plaintiff seeks dismissal of Defendants' eleventh

3 counterclaim, in which negligence per se is alleged, arguing "this

4 claim apparently relates to the first shipment of waste oil on August

5 17, 2006, but that shipment did not contain PCBs and was successfully

6 transported by [Plaintiff] without incident." (Pl.'s Mot. at 14:8-

7 10.) Defendants rejoin Plaintiff was under a duty to test for

8 halogens and likely failed to do so and therefore, this counterclaim

9 should not be dismissed. (Defs.' Opp'n at 19:18-25.)

10          Defendants' eleventh counterclaim alleges Plaintiff violated

11 a consent order when it did not test for halogens in the August 24,

12 2006 oily water pickup. (Defs.' Answer, Counterclaims ¶¶ 84, 85.)

13 Plaintiff has not shown this counterclaim should be dismissed.

14 Accordingly, this portion of Plaintiff's motion is denied.

15     <u>G.  Thirteenth Counterclaim</u>

16          Plaintiff seeks dismissal of Defendants' thirteenth

17 counterclaim, arguing it "fails to state with specificity multiple

18 elements of a RICO claim." (Pl.'s Mot. at 14:16-17.) Defendants

19 rejoin the counterclaim "does allege specific injuries." (Defs.'

20 Opp'n at 19:26-27.)

21          Defendants' thirteenth counterclaim alleges Plaintiff

22 committed mail and wire fraud, and other racketeering acts in

23 violation of RICO. (Defs.' Answer, Counterclaims, ¶¶ 96-102.) "Rule

24 9(b)'s requirement that '[i]n all averments of fraud or mistake, the

25 circumstances constituting fraud or mistake shall be stated with

26 particularity' applies to civil RICO fraud claims." <u>Edwards v. Marin</u>

27 <u>Park, Inc.</u>, 356 F.3d 1058, 1065-66 (9th Cir. 2004). Therefore, "the

28 pleader must state the time, place, and specific content of the false

1  misrepresentations as well as the identities of the parties to the

2  misrepresentation." <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 553 (9th

3  Cir. 2007).

4        Defendants do not plead the time with any specificity, nor

5  do they state the place of the alleged violations. (Defs.' Answer,

6  Counterclaims ¶¶ 97-102.)  Therefore, Defendants have not pled this

7  counterclaim with sufficient particularity as required by Rule 9(b).

8  Accordingly, this portion of Plaintiff's motion is granted.

9  <u>CONCLUSION</u>

10        For the stated reasons, Plaintiff's motion to dismiss

11  Defendants' thirteenth counterclaim and to dismiss Defendants' claim

12  for punitive damages under the seventh counterclaim is granted.  The

13  remainder of Plaintiff's motions are denied.  Defendants are granted

14  leave to amend their thirteenth counterclaim in accordance with this

15  order provided that the amended counterclaim is filed no later than

16  ten days from the date on which this order is filed.

17        IT IS SO ORDERED.

18  Dated:  August 15, 2007

19

20  _____
   GARLAND E. BURRELL, JR.

21  United States District Judge

22

23

24

25

26

27

28