IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMOS OIL RECYCLERS, INC. dba     )
RAMOS ENVIRONMENTAL SERVICES,     )     2:07-cv-448-GEB-DAD
                                  )
                Plaintiff,        )
                                  )     ORDER
          v.                      )
                                  )
AWIM, INC.; and JULIE C. NELSON,  )
                                  )
                Defendants.[1]    )
_____)
                                  )
And Related Actions.              )
_____)

          On June 23, 2008, Plaintiff filed a motion for an order

awarding Plaintiff discovery sanctions and an order modifying the non-

expert discovery completion date in the Scheduling Order filed January

11, 2008.  Plaintiff's motion is premised on Plaintiff's inability to

_____

          [1]     The caption has been amended according to the Dismissal of Doe
Defendants portion of this Order.

1

conduct certain non-expert witness discovery close to the non-expert
witness discovery "completion date," and alleged actions of defense
counsel that Plaintiff asserts interfered with Plaintiff being able to
conduct that discovery before the non-expert witness discovery
completion deadline.  (Mot. at 2:6-3:7.)

Plaintiff seeks discovery sanctions under Federal Rule of
Civil Procedure 37(d) for Defendants' alleged failure to appear for
noticed depositions.  (Mot. at 5:1-13.)  However, the record reveals
that Plaintiff waited until close to the discovery completion date to
schedule the depositions that led to this dispute.  The parties were
warned in the Rule 16 Scheduling Order that "conducting discovery near
the discovery 'completion' date runs the risk of losing the
opportunity" to have any resulting discovery dispute resolved.
(Order, Nov. 20, 2008 at 2 n.3.)  Such is the case here, and therefore
Plaintiff's motion for sanctions is denied.

The January 11 Scheduling Order issued following the
parties' request in a Stipulation filed January 10, 2008.  Rather than
resolve the dispute whether the lay witness discovery completion date
in that Order should be modified, the Court has decided to prescribe a
single discovery completion date for lay and expert witness discovery.
Therefore, the portions of the January 11 Scheduling Order prescribing
different discovery completion dates are vacated.  All discovery shall
be completed by December 23, 2008.  This decision moots the portion
Plaintiff's June 23, 2008, motion which seeks amendment of the January
11 Scheduling Order.

DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining
in this action, Does 1 through 100 are dismissed.  (See Order Setting

Status (Pretrial Scheduling) Conference, Mar. 7, 2007 at 2 n.2
(indicating that if Plaintiff fails to set forth in the JSR a date by
when the identities of any "Doe" defendants are expected to be
discovered, the claims against Doe defendants would be deemed
abandoned and a dismissal order would follow).)

CONCLUSION

The portions of the January 11 Scheduling Order prescribing
different discovery completion dates for lay and expert witnesses are
vacated.  All discovery shall be completed by December 23, 2008.
Plaintiff's motion for sanctions is denied and Plaintiff's motion to
amend the scheduling order is denied as moot.  (Dkt. No. 51.)  Does 1
through 100 are dismissed.

IT IS SO ORDERED.

Dated:  July 23, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge