IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMOS OIL RECYLES, INC., d/b/a)
Ramos Environmental Services, )     2:07-cv-00448-GEB-DAD
                              )
            Plaintiff,        )     TRANSMITTAL TO PARTIES
        v.                    )     OF TRIAL DOCUMENTS
                              )
AWIM, INC.;  JULIE NELSON,    )
                              )
            Defendants.       )
_____)
                              )
and Related Actions.          )
_____)

        On May 26, 2009, the parties submitted separate proposed
jury instructions, some of which are on claims not preserved for
trial in the Final Pretrial Order.  Attached are proposed jury
instructions for the claims preserved for trial in the Final
Pretrial Order.  "A pre-trial order . . . supersedes the
pleadings under Fed. R. Civ. P. 16 and controls the subsequent
course of the action."  Donovan v. Crisostomo, 689 F.2d 869, 875
(9th Cir. 1982)(quotation omitted).  "Issues not preserved in the
pretrial order are eliminated from the action."  Hotel Emp., et al.
Health Tr. VV. Elks Lodge, 1450, 827 F.2d 1324, 1329 (9th Cir.
1987).

1

The CERCLA issue is still being considered since it is questionable whether the proposed CERCLA instruction is clear and adequate.  No damage instructions are included because none was submitted.

The parties shall meet and confer on proposed damage instructions and shall file proposed damage instructions no later than 10:00 a.m. on June 8, 2009.

Also attached are voir dire matters and a proposed verdict form.

Dated:  June 5, 2009

GARLAND E. BURRELL, JR.
United States District Judge

## INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence of what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 2

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the courtroom duty clerk  to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

## <u>INSTRUCTION NO. 3</u>

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO. 4**

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

**<u>INSTRUCTION NO. 5</u>**

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits which are received into evidence; and

3.      Any facts to which the lawyers have agreed.

## INSTRUCTION NO. 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 7**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**INSTRUCTIONS NO. 8**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 9**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO. 10**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     The opportunity and ability of the witness to see or hear or know the things testified to;

(2)     The witness's memory;

(3)     The witness's manner while testifying;

(4)     The witness's interest in the outcome of the case and any bias or prejudice;

(5)     Whether other evidence contradicted the witness's testimony;

(6)     The reasonableness of the witness's testimony in light of all the evidence; and

(7)     Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

**INSTRUCTION NO. 11**

2
        Some witnesses, because of education or experience, are permitted to state opinions and
the reasons for those opinions.

3

4
        Opinion testimony should be judged just like any other testimony. You may accept it or
reject it, and give it as much weight as you think it deserves, considering the witness's education
and experience, the reasons given for the opinion, and all the other evidence in the case.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 12

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**<u>INSTRUCTION NO. 13</u>**

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## INSTRUCTION NO. 14

Under the law, a corporation is considered to be a person.  A corporation can only act through its employees, agents, directors, or officers.  Therefore,  a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**INSTRUCTION NO. 15**

An agent is acting within the scope of authority of the corporation if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the corporation.

## JURY INSTRUCTION NO.  16

Ramos alleges a trespass claim against AWIM.   To prevail on this trespass claim, Ramos must prove each of the following elements by a preponderance of the evidence:

First, that Ramos owned or controlled the property;

Second, that AWIM intentionally, or negligently entered Ramos or caused PCBs to enter Ramos's  property;

Third, that Ramos did not give permission for that entry;

Fourth, that Ramos was harmed; and,

Fifth, that AWIM's conduct was a substantial factor in causing Ramos's harm.

**INSTRUCTION NO. 17**

When a party has the burden of proof on a claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 18**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without the conduct.

## JURY INSTRUCTION NO. 19

Ramos alleges a private nuisance claim against AWIM based on the contention that AWIM's interfered with Ramos's use and enjoyment of its land.

To prevail on this claim Ramos must establish each of the following elements by a preponderance of the evidence:

First, that Ramos owned or controlled the property;

Second, that AWIM, by acting or failing to act, created a condition that caused PCB contamination on Ramos's land and that such contamination was an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property.

Third, that this condition interfered with Ramos's use or enjoyment of its land;

Fourth, that Ramos did not consent to AWIM's conduct;

Fifth, that an ordinary person would be reasonably annoyed or disturbed by AWIM's conduct;

Sixth, that Ramos was harmed;

Seventh, that AWIM's conduct was a substantial factor in causing Ramos's harm; and

Eighth, that the seriousness of the harm outweighs the public benefit of AWIM's conduct.

## JURY INSTRUCTION NO. 20

AWIM claims it was harmed by Ramos Oil Recyclers, Inc.'s negligence.  To prevail on this negligence claim,  AWIM must prove each of the following elements by a preponderance of the evidence:

First, that Ramos was negligent based on the manner in which AWIM contends Ramos collected material on August 24, 2006, during which time the line leading from the tote, that was being emptied into a truck, became disengaged, either because it broke or became detached, and as a result, a quantity of  liquid spilled onto the ground; and/or based on AWIM's contention that Ramos failed to advise AWIM that Ramos had suspicions about the material, that further testing was warranted, and that in light of Ramos' position as a professional in this industry, it should have been aware that the material contained PCBs.

Second, that AWIM was harmed;  and,

Third, that Ramos's negligence was a substantial factor in causing AWIM's harm.

**JURY INSTRUCTION NO. 21**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Ramos' situation.

1

**INSTRUCTION NO. 22**

2

**CERCLA**
**INSTRUCTION**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 23**

**DAMAGES**

**INSTRUCTION NO. 24**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decisions. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 25**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, you may continue your deliberations while waiting for the answers to any questions. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

## INSTRUCTION NO. 26

A verdict form has been prepared for you. After you have reached a unanimous agreement on a verdict, your presiding juror will fill in the form that be given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## VOIR DIRE

Good morning, and welcome to the United States District Court. Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin.  You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me.  The Courtroom Deputy is Shani Furstenau. She is on the platform below me on my left side.  Next to her is the Certified Court Reporter, Kimberly Bennett.

We are about to begin what is known as voir dire.  The purpose of voir dire is to have each of you disclose any feelings, bias, and prejudice against or in favor of any party, so that we can ascertain which of you can fairly sit as a juror in this particular case.  Voir dire consists of questions designed to tell the parties some general things about each prospective juror,  and to provide the parties with information about whether a prospective juror should be a juror in this case.  It allows the parties to exercise more intelligently their peremptory challenges.  A peremptory challenge is a request by a party to excuse a juror.  The parties will exercise their peremptory challenges after the questioning is complete.  In addition, voir dire enables the Court to determine whether any prospective juror should be excused for cause. Challenges for cause permit rejection of a prospective juror for a legal basis.

1.   Ms. Furstenau, please administer the oath to the panel.

2.   Counsel, the Jury Administrator has already randomly selected potential jurors and placed their names on the sheet that has been provided to each party in the numerical sequence in which

they were randomly selected and each juror has been placed in his or her randomly-selected seat.

3.    I will ask a series of questions to the jurors as a group.  If you have a response, please raise your hand or the number you've been given, which reflects your seat number. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the juror in the lowest numbered seat first.  If no juror raises his or her hand, I will simply state "no response" for the record and then ask the next question.  If you know it is your turn to respond to a question, you may respond before I call your name by first stating your last name, then your seat number, and lastly your response.  That should expedite the process.

4.    This case is expected to take ___ days for the presentation of evidence, after which they will give you closing arguments.  After closing arguments, I will give you closing jury instructions and you will begin your deliberations.  Because I handle criminal matters on Fridays and other civil matters on Mondays, we will only be in trial three days a week: Tuesday, Wednesday, and Thursday.  On the days we are in trial, we will begin at 9:00 a.m. and usually end around 4:30 p.m.  As soon as you commence jury deliberations, you will be expected to deliberate as necessary during these hours, including Mondays and Fridays, but not on the weekends, until you complete your deliberations.  Will any of you find it difficult or impossible to participate in this trial during these times?

5.    Is there any member of the panel who has a problem that would make it difficult to serve as a member of this jury?

6.   Would the plaintiff's counsel introduce himself, his client, and indicate any witness that plaintiff may choose to call.

7.   Defendants' counsel now has the opportunity to do the same thing.

If you know any person or business named, business or potential witnesses; or ever had any business or other dealings with any person or business just named?

8.   This case concerns a dispute about the manner in which a hazardous substance was handled and/or should have been handled.

9.   Is there anything about the allegations in this lawsuit that causes any potential juror to prefer not being a juror in this type of case?

10.   Do you have any belief or feeling which you suspect could interfere with your ability to be a fair and impartial juror on this case?

11.   Have you ever served as a juror in a criminal or a civil case, either in federal or state court?

I.   Please state the nature of the case and, without stating the result reached, state whether the jury reached a verdict.

12.   Each of you will have to determine who is telling the truth.  Please raise your hand if you are unwilling or not comfortable judging a witness' credibility and making this kind of decision?

13.   It is important that I have your assurance that you will, without reservation, follow my instructions and rulings on the law. To put it somewhat differently, whether you approve or disapprove of the court's rulings or instructions, it is your solemn duty to

accept as correct these statements of the law.  You may not substitute your own idea of what you think the law ought to be. Please indicate by raising your hand if you will not be able to follow the law as given to you by me in this case.

14.  Is there any reason why you could not be fair to both sides in this case?

15.  My deputy clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer.  Please pass the sheet to the juror next to you after you answer the questions.

    (a)  Name

    (b)  Educational background

    (c)  Your present and former occupations

16.  The parties may conduct the follow-up voir dire allowed in the Final Pretrial Order.