IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMOS OIL RECYCLERS, INC., d/b/a Ramos Environmental Services,<br><br>Plaintiff,<br><br>v.<br><br>AWIM, INC.; JULIE NELSON,<br><br>Defendants.<br>_____<br>AND ALL RELATED PARTIES. | 2:07-cv-00448-GEB-DAD<br><br><u>ORDER</u> |

The parties (Ramos and AWIM) respective filings on June 8, 2009, reveal they agree that the decision on whether liability exists under CERCLA is to be made by the judge. However, the parties have not complied with the portion of the Final Pretrial Order ("FPO") requiring them to timely propose special interrogatories for the jury on all closely related factual legal and equitable issues pertinent to the judge's decision on the CERCLA liability questions. The jury decision on these questions is required before the judge decides the CERCLA liability questions. (See FPO at 1). Further the parties were informed in the FPO that "[a] party will be deemed to have abandoned an equitable claim if the party fails to submit sufficient jury

1

1  interrogatories on the claim for a judicial decision on that
2  claim." (FPO at 2, citing <u>Hilton v. Mumaw</u>, 522 F.2d 588, 598 (9th
3  Cir. 1975) (stating since state fraud claims must "go to the jury,
4  [the] equitable claims must also await the jury's decision, at
5  least as to the factual questions common to both").  Since no party
6  has complied with the referenced portions of the FPO, the CERCLA
7  claims are deemed abandoned.
8       Moreover, Ramos's proposed findings of facts and
9  conclusions of law and trial brief do not include facts sufficient
10 to establish a CERCLA claim, and evince that the state claims
11 predominate over Ramos's CERCLA claim.  The state claims will
12 therefore be dismissed under 28 U.S.C. §1367(c)(2), and as stated
13 below, under 28 U.S.C.§1367(c)(3).

> CERCLA, 42 U.S.C. § 9601 et seq., was enacted in 1980 "to provide for liability, compensation, cleanup, and emergency response for hazardous substances released into the environment and the cleanup of inactive hazardous waste disposal sites. CERCLA contains a provision, 42 U.S.C. § 9607(a), which allows private parties who incur cleanup costs to recover those costs from "various types of persons who contributed to the dumping of hazardous waste at a site.
>
> To establish a prima facie case under § 9607(a), the plaintiff must show that (1) the property at issue is a "facility" as defined in 42 U.S.C. § 9601(9); (2) a "release" or "threatened release" of a "hazardous substance" has occurred; (3) the "release" or "threatened release" has caused the plaintiff to incur response costs that were "necessary" and "consistent with the national contingency plan"; and (4) the defendants are in one of four classes of persons subject to liability under § 9607(a).  Private parties have the burden of proving that cleanup costs associated with remedial actions are consistent with the National Contingency Plan to recover those cleanup costs under CERCLA.

Carson Harbor Village v County of Los Angeles, 433 F.3d 1260, 1264(9th Cir 2006)(internal citations and quotations omitted).

Neither party addressed the National Contingency Plan element of CERCLA, and make conclusory arguments on the other elements.

Further, when all federal claims have been dismissed, the district court may decline to continue exercising supplemental jurisdiction over state claims. The exercise of this "discretion . . . is informed by the [United Mine Workers v. Gibbs, 383 U.S. 715,(1966)] values of economy, convenience, fairness, and comity." Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quotation marks omitted). However, "[i]n the usual case in which all federal-law claims are eliminated . . ., the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Wade v. Regional Credit Assoc., 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.").

In light of Awim's failure to comply with an Order requiring it to provide the damages portion of a trespass instruction and Ramos' failure to limit the instructions it proposed to those preserved for trial in the FPO, and the parties failure to propose jury instructions tailored to the issues preserved for trial in the FPO, consideration of the Gibbs values results in the dismissal of the state claims without prejudice under 28 U.S.C. §1367(c) as of the date on which

```
 1  this Order is filed.   Therefore the Clerk of Court shall close
 2  this action.
 3           IT IS SO ORDERED.
 4  Dated:  June 11, 2009
 5
 6                                 GARLAND E. BURRELL, JR.
                                   United States District Judge
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```